(No. 76-CC-1612-)

DATA 100 CORPORATION, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed September 18, 1979.*

———

PER CURIAM.

This cause coming to be heard on motion of the Claimant, Data 100 Corporation, due notice having been given, the Respondent objecting hereto and the Claimant having filed its reply and affidavit and the Court being fully advised:

Finds:

1. That on October 12, 1972, the Claimant, Data 100 Corporation, entered into a certain rental agreement with Northeastern Illinois University for a Model 78 Terminal System for a period of five years.

2. That on the date of the execution of the said rental agreement, the parties thereto also entered into a certain addendum to rental agreement which provided, among other things, that if Northeastern Illinois University terminated the rental agreement during or after the 30th month of the lease, then Northeastern Illinois University would pay Data 100 Corporation the difference between the three-year lease rate and the five-year lease rate times the number of months the system had been on rental.

3. That on March 10, 1975, Harold Mohamed, Executive Director of the Board of Governors Cooperative Computer Center, sent a letter to the Claimant requesting the cancellation of the said rental agreement.

4. That the Claimant, Data 100 Corporation, by its contracts administrator, Scott Forehand, agreed to honor such request for early termination.

5. That in connection with such requested termination, and in accordance with the provisions of the rental agreement and addendum thereto, as aforesaid, the Claimant, Data 100 Corporation, forwarded certain invoices to Northeastern Illinois University in the total sum of $4,536.50.

6. That on February 24, 1975, Mr. Mohamed, in a letter to Dr. Robert Mandeville, Deputy Controller of the State of Illinois, admitted that the stated charges are "accurate."

7. That the amount sought by the Claimant represents the agreed upon charges for early termination of the rental agreement, pursuant to the addendum thereto, and is not a penalty nor is the contract between the parties void and/or unenforceable by virtue of Ill. Rev. Stat., ch. 27, par. 161.

It is hereby ordered that there is no genuine issue of material fact to be resolved and, therefore, the Claimant, Data 100 Corporation, be and is hereby granted summary judgment in its favor and awarded the sum of $4,536.50.